Karl N. Haws (SBN 121638)
*khaws@mohlaw.com*
**MUNDELL, ODLUM & HAWS LLP**
650 East Hospitality Lane, Suite 470
San Bernardino, CA 92408
Telephone: (909) 890-9500

Lisa Dearden Trépanier (SBN 156302)
*LisaT@trepaniertajima.com*
Neda Cate (SBN 274971)
*neda@trepaniertajima.com*
**TRÉPANIER TAJIMA LLP**
4605 Lankershim Blvd., Suite 540
North Hollywood, California 91602
Telephone: (323) 487-1101

Attorneys for Defendants
Corporation of the President of The Church of
Jesus Christ of Latter-day Saints and The Church of
Jesus Christ of Latter-day Saints

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DK DOE, a minor, by and through her Guardian ad Litem, JOHN JK DOE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; and DOES 1 to 50, Inclusive,<br>　　　　Defendants. | Case No. 5:23-cv-2004-SSS-KK<br><br>**ANSWER OF DEFENDANTS CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS TO PLAINTIFF'S COMPLAINT**<br><br>State Action Filed: September 7, 2023<br>Removed On:　　September 29, 2023<br>Trial Date:　　　 None Set |

TRÉPANIER
TAJIMA LLP

1
DEFENDANTS' ANSWER

On December 31, 2020, Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole ("COP") was merged into The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant The Church of Jesus Christ of Latter-day Saints ("Church") hereby answers the Complaint of Plaintiff JANE DK DOE on behalf of both Defendants. The "Mormon Church" is a nickname formerly used by the Church. The Church requests that it be referred to by its legal and ecclesiastical name – The Church of Jesus Christ of Latter-day Saints.

## INTRODUCTION

The Church avers that the allegations contained in the Introduction paragraph of the Complaint assert conclusions of law to which no response is required but denies the same.

## PARTIES

### (Plaintiff JANE DK DOE)

1. Admit.

**(Defendant CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS)**

2. The Church admits that prior to December 31, 2020, Defendant COP was a Utah corporation sole. The Church denies the remaining allegations of Paragraph 2 because on December 31, 2020, Defendant COP was merged into Defendant The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole which has its principal place of business in Salt Lake City, Utah. As of December 31, 2020, COP ceased to exist as a separate corporate entity.

**(Defendant THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS)**

3. The Church admits that (1) it holds title to some, but not all, Church meetinghouses and houses of worship in the State of California and County of Riverside; (2) it has numerous contacts with the State of California; (3) it oversees and operates multiple subsidiary corporations on behalf of the Church; (4) its finances are not public information; (5) it conducts business in the State of California and has systemic activities

in the State of California; and (6) its headquarters are in Salt Lake City, Utah. The Church denies that it holds title to all meetinghouses and houses of worship in the State of California and County of Riverside.

4. The Church admits that (1) it is registered to do business in the State of California; (2) it operates meetinghouses and other houses of worship in the State of California; and (3) some of its divisions are called wards, stakes, and areas. The Church denies all other allegations in Paragraph 4.

5. Deny.

6. Deny.

7. The Church admits that it receives money from member tithes which supports its operations and that its finances are not public information. The Church denies all other allegations in Paragraph 7.

**(Defendants DOES 1 to 50)**

8. The Church is without knowledge and information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 8 of the Complaint and therefore denies them.

9. The Church admits that bishops and stake presidents have limited delegated authority to act as agents of the Church when acting in their ecclesiastical roles. The Church denies all other allegations in Paragraph 9.

**PROCEDURAL FILING STATUS**

10. Admit.

11. The Church admits that it has ecclesiastical divisions called wards and stakes in the County of Riverside and that it owns some of the Church buildings in the County of Riverside. The Church admits that jurisdiction and venue in this action are proper. The Church denies all other allegations in Paragraph 11.

**FACTUAL ALLEGATIONS**

12. The Church admits that the alleged perpetrator and Plaintiff's family were members of the Church's ecclesiastical ward. The Church admits that it owns the property

located at 11150 Collett Avenue, Riverside, CA 92505. The Church is without knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations in Paragraph 12 of the Complaint and therefore denies them.

13. The Church is without knowledge and information sufficient to form a belief as to the truthfulness and allegations in Paragraph 13 of the Complaint and therefore denies them.

14. The Church is without knowledge and information sufficient to form a belief as to the truthfulness and allegations in Paragraph 14 of the Complaint and therefore denies them.

15. Deny.

16. Deny.

17. Deny.

18. The Church admits that following a report of abuse, Church clergy instructed the perpetrator's parents to accompany or provide supervision for the perpetrator at all Church activities and also assigned Church members to accompany the perpetrator at all Church activities. The Church admits that parents of alleged victims expressed concerns to Church leaders. The Church is without knowledge and information sufficient to form a belief as to the truthfulness and allegations of the remaining allegations of Paragraph 18 and therefore denies them.

19. The Church admits that Church clergy instructed the perpetrator's parents to accompany or provide supervision for the perpetrator at all Church activities. The Church is without knowledge and information sufficient to form a belief as to the truthfulness and allegations of the remaining allegations of Paragraph 19 and therefore denies them.

20. Deny.

21. Deny.

22. Deny.

23. The Church admits that it instructed Church clergy to call a helpline staffed by attorneys in Utah who assist its clergy members in understanding and abiding by the

laws of the jurisdictions in which they reside. The Church denies all other allegations in Paragraph 23.

24. Deny.

25. Deny.

26. The Church is without knowledge and information sufficient to form a belief as to the truthfulness and allegations in Paragraph 26 of the Complaint and therefore denies them.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. The Church is without knowledge and information sufficient to form a belief as to the truthfulness and allegations in Paragraph 32 of the Complaint and therefore denies them.

33. The Church is without knowledge and information sufficient to form a belief as to the truthfulness and allegations in Paragraph 33 of the Complaint and therefore denies them.

34. The Church admits that after the alleged assault in this action, the perpetrator confessed to Church clergy that he had engaged in acts of sexual misconduct with young children other than Plaintiff. The Church is without knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations in Paragraph 34 of the Complaint and therefore denies them.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

TRÉPANIER TAJIMA LLP

5
DEFENDANTS' ANSWER

40. Deny.

41. Deny.

42. Deny.

# FIRST CAUSE OF ACTION

## NEGLIGENCE

**(Against Defendants CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAYS SAINTS, THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, and DOES 1 to 50)**

43. The Church incorporates its answers to the preceding allegations of the Complaint as though fully set forth herein.

44. The Church admits it owes a duty to provide reasonable supervision of children entrusted to its care and custody when their parents are not present. The Church denies that Plaintiff was entrusted to its care or custody or participating in a Church activity when the alleged assault occurred and, on that basis, denies the remaining allegations of Paragraph 44.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. The Church admits it owes a duty to provide reasonable supervision of children entrusted to its care and custody when their parents are not present. The Church denies that Plaintiff was entrusted to its care or custody when the alleged assault occurred and, on that basis, denies the remaining allegations of Paragraph 53.

54. Deny.

55. Deny.
56. Deny.
57. Deny.
58. Deny.
59. Deny.

**NEGLIGENCE PER SE-PENAL CODE MANDATORY CHILD ABUSE REPORTING**

60. Deny.
61. Deny.
62. Deny.
63. Deny.
64. The Church avers that the allegations contained in Paragraph 64 are conclusions of law to which no response is required but denies the same.
65. Deny.
66. Deny.
67. The Church is without knowledge and information sufficient to form a belief as to the truthfulness and allegations in Paragraph 67 of the Complaint and therefore denies them.
68. Deny.
69. Deny.
70. Deny.

**SECOND CAUSE OF ACTION**

**NEGLIGENT SUPERVISION**

**(Against Defendants CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAYS SAINTS, THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, and DOES 1 to 50)**

71. The Church incorporates its answers to the preceding allegations of the Complaint as though fully set forth herein.

72. Deny.
73. Deny.
74. The Church admits it is aware of the risk of sexual abuse within youth serving organizations. The Church denies that the alleged abuse occurred during any Church activity, program, or club for minors.
75. Deny.
76. Deny.
77. Deny.
78. Deny.
79. Deny.
80. The Church admits that in January 2021 (after the abuse alleged in this action), its clergy became aware that perpetrator had sexually abused another child. The Church denies all other allegations in paragraph 80.
81. Deny.
82. Deny.
83. Deny.
84. Deny.
85. Deny.
86. Deny.
87. Deny.
88. Deny.
89. Deny.
90. Deny.
91. Deny.
92. The Church is without knowledge and information sufficient to form a belief as to the truthfulness and allegations of Paragraph 92 and therefore denies them.
93. Deny.
94. Deny.

95. Deny.

96. Deny.

## THIRD CAUSE OF ACTION

### NEGLIGENT FAILURE TO WARN, TRAIN, OR EDUCATE

**(Against Defendants CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, and DOES 1 to 50)**

97. The Church incorporates its answers to the preceding allegations of the Complaint as though fully set forth herein.

98. Deny.

99. Deny.

100. Deny.

101. Deny.

102. The Church is without knowledge and information sufficient to form a belief as to the truthfulness and allegations of Paragraph 102 and therefore denies them.

103. Deny.

104. Deny.

## FOURTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

**(Against Defendants CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, and DOES 1 to 50)**

105. The Church incorporates its answers to the preceding allegations of the Complaint as though fully set forth herein.

106. Deny.

107. The Church admits it owes a duty to provide reasonable supervision of children entrusted to its care and custody when their parents are not present. The Church denies that Plaintiff was entrusted to its care or custody when the alleged assault occurred

and, on that basis, denies the remaining allegations in Paragraph 107.

108. Deny.

109. Deny.

110. Deny.

111. Deny.

## FIFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(Against Defendants CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, and DOES 1 to 50)**

112. The Church incorporates its answers to the preceding allegations of the Complaint as though fully set forth herein.

113. The Church incorporates its answers to the preceding allegations of the Complaint as though fully set forth herein.

114. Deny.

115. The Church is without knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Plaintiff or her family's trust, faith, or confidence in the Church and therefore denies them. The Church denies all other allegations of Paragraph 115.

116. Deny.

117. Deny.

118. Deny.

119. Deny.

120. Deny.

## PRAYER FOR RELIEF

In answering Plaintiff's Prayer for Relief, the Church denies that Plaintiff is entitled to any relief on the asserted claims.

## AFFIRMATIVE DEFENSES

By alleging the defenses set forth below, the Church neither agrees nor concedes that it has the burden of proof or the burden of persuasion for any of these issues. In addition, the Church specifically and expressly reserves the right to amend this Answer or these defenses, or to add additional defenses, based upon legal theories, facts and circumstances that may or will be discovered or further legal analysis of Plaintiff's positions in this litigation.

### FIRST AFFIRMATIVE DEFENSE
### (No Legal Cause)

Plaintiff is precluded from recovering from the Church because no conduct of the Church was the legal cause of any alleged damage to Plaintiff.

### SECOND AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's cause of action, and each of them, are barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Plaintiff's damages are subject to comparative fault, including that of others who were not under the control of the Church, and the Church's liability, if any, must be reduced in proportion to such comparative fault, including that of all third persons.

## SIXTH AFFIRMATIVE DEFENSE

### (Offset or Credit)

The Church is informed and believes, and thereon alleges, that it is entitled to an offset or credit for the full amount of all monies received by Plaintiff, either directly or indirectly.

## SEVENTH AFFIRMATIVE DEFENSE

### (Mitigation of Losses)

The Church is informed and believes, and thereon alleges, that Plaintiff or third parties failed and neglected to use reasonable care to minimize and mitigate the losses and damages of which Plaintiff complains and therefore cannot recover against the Church whether as alleged or otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

### (Third-Party Fault)

Plaintiff's damage claims are barred to the extent that Plaintiff's damages, if any, are the proximate result of the conduct or failures of third parties over which the Church had and/or has no control.

## NINTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Plaintiff's damage claims against the Church are barred, in whole or in part, because they are speculative.

## TENTH AFFIRMATIVE DEFENSE

### (Privilege)

Plaintiff's claims for damages against the Church are barred to the extent Plaintiff's claims rely upon confidential information and/or communications protected by any evidentiary privilege, such as the attorney-client privilege, the work product doctrine, or the priest-penitent privilege, and any other privilege at common law or found in statute.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Special Relationship/Duty)

Plaintiff's claims for damages against the Church arising out of alleged tortious conduct on behalf of the Church are barred because no special relationship existed or exists between the Church and Plaintiff and/or between the Church and the perpetrator, barring any affirmative legal duty owing from the Church to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

### (First Amendment Privileges)

Plaintiff's claims for damages against the Church arising out of alleged tortious conduct by the Church may be barred by the First Amendment of the Constitution of the United States.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (California Constitution, Article 1, Section 4)

Plaintiff's claims for damages against the Church arising out of alleged tortious conduct by the Church may be barred by Article 1, Section 4, California Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Supervening and Superseding Cause)

The conduct of others is a supervening and superseding cause of Plaintiff's damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

The Church has or may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiff alleges that the Church may have some responsibility. Therefore, the Church reserves the right to assert additional defenses upon further particularization or clarification of Plaintiff's claims, upon examination of the documents provided, upon discovery of information concerning the alleged damage claims and

claims for costs, and upon the development of other pertinent information.

**PRAYER FOR RELIEF**

WHEREFORE, the Church prays for relief as follows:

1. That Plaintiff recovers nothing by way of her Complaint, and that said Complaint be dismissed with prejudice;

2. That the Church be awarded all of its costs incurred herein; and

3. That the Court award such other and further relief as it deems just and equitable.

Dated: October 6, 2023　　　　　　　　　　　TRÉPANIER TAJIMA LLP

_____
Lisa Dearden Trépanier
Attorneys for Defendants Corporation of the President of The Church of Jesus Christ of Latter-day Saints and The Church of Jesus Christ of Latter-day Saints